3/8/2024 3:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85375427
By: Nelson Cuero
Filed: 3/8/2024 3:53 PM

Cause No. _____

| | | |
|---|---|---|
| TAMIKA HARRIS | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARRIS COUNTY | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

Plaintiff, Tamika Harris , files this Original Petition and Jury Demand against Defendant, Harris County Texas, alleging willful violation of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code §21.051 et seq., the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA"), Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e as amended et. seq. and the Rehabilitation Act of 1973, Section 504, 29 U.S.C. §§791, et seq., and pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## I. PARTIES

1. Plaintiff, Tamika Harris, is an adult female individual and a citizen of the United States and the State of Texas, who currently resides in Houston, Harris County, Texas. At all times relevant to this action, she was an employee of Harris County.

2. Defendant, Harris County, is a governmental entity located within the boundaries of the Harris County and was an employer, as that term is defined in the TCHRA, the ADAA, Title VII, and the Rehabilitation Act at the time the alleged acts of discrimination and retaliation occurred.

3. Defendant, Harris County Texas, may be given written notice by certified or registered mail to County Judge, Lina Hildalgo, at Harris County Judge Lina Hidalgo,1001 Preston, Suite 911, Houston, Texas 77002, and its county attorney, Christian Menefee, Harris County Attorney's Office, at 1019 Congress, 15th Floor, Houston, TX 77002.

Certified Document Number: 113206510 - Page 1 of 18

## II. JURISDICTION

4.     This Court has subject matter jurisdiction because the claims arise under TCHRA.

5.     Likewise, this Court has concurrent jurisdiction over the claims arising under Title I of the American Disabilities Act as amended 42 U.S.C. §12101 et seq., under Title VII of the 1964 Civil Rights Act, 42, U.S.C. 2000(e) et seq, under the Rehabilitation Act as amended, 29 U.S.C. §794, 42 U.S.C. §1981and 42 U.S.C. §1983.

## III. ADMINISTRATIVE PREREQUISITES MET

6.     On October 28, 2022, Plaintiff Harris presented her claims and specific demands to County Judge Lina Hidalgo.  More than 60 days passed before filing of this lawsuit, therefore the requirements of Tex. Local Gov't § 89.004(a) have been met.

7.     Plaintiff, Tamika Harris,  has completed all conditions precedent to filing this suit. She dual filed a charge with the Equal Employment Opportunity Commission (EEOC) and Texas Workforce Commission( (TWC).  She received a right to sue letter from the EEOC fewer than ninety days before filing this suit.  No right to sue from the TWC's Civil Rights Division is needed because more than 180 days has passed since the filing of this charge, Ms. Harris will request a notice of right to sue from the TWC and is filing this Petition within two years of the filing of her Charge of Discrimination with the Texas Workforce Commission. Tex. Lab. Code Ann. §§ 21.201-202, 208, 256.

## IV. VENUE

8.     Venue is proper is Harris County, as this is an action against Harris County and Harris County is the county in which all the events or omissions giving rise to the claims occurred. Tex Civ. Prac. & Rem. Code §§15.002, 15.015.

Certified Document Number: 113206510 - Page 2 of 18

## V. DISCOVERY

9.  Discovery is intended to be conducted under Level 2 of TEX. R. CIV. P. 190.

10. Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00. Damages sought are within the jurisdictional limits of the court.

## VI. STATEMENT OF FACTS

11. From June 1, 2019 through May 27, 2022, Ms. Harris was employed by Harris County as staff attorney for Harris County Probate Court Number 1.

12. Ms. Harris, an African American female, suffers from chronic migraine (intractable), Chronic Daily Headache, Post-Concussion Syndrome, and Cervical Stenosis of the Spinal Canal; these conditions are all recognized as disabilities covered by the Americans with Disabilities Act as Amended ("ADAAA") and TCHRA.

13. In March of 2021, Judge Jerry Simoneaux and the then Associate Judge, Ruth Ann Stiles, decided to change Ms. Harris' job duties. She would take over the ancillary dockets and all other matters that the associate judge was handling. The associate judge would take over Ms. Harris' probate of wills and heirship dockets.

14. Friday afternoon on March 4, 2022, Judge Simoneaux, informed Ms. Harris that all COVID protocols would be removed and everything was to go back to pre-COVID norms and asked her "Would you write up something under the ADA that would support your working from home, just so that I can have it in the file?" and also added, "don't tell me about the science." When Ms. Harris asked for time to prepare the request for reasonable accommodation, he agreed to delay the changes for one week. But only three days later, the morning of March 7, 2022, Judge Simoneaux, sent out a return to normalcy email that ended the mask mandate in the courtroom and instituted a 3 office day and 2 remote day hybrid work policy.

Certified Document Number: 113206510 - Page 3 of 18

15.    Despite the unreasonable short time period, 6 days later, on March 10, 2022,  Ms. Harris submitted a request for reasonable accommodation to work remotely.  Defendant responded on Tuesday March 15, 2022, and relayed a form from Harris County Human Resources and required her to complete it by Friday, March 18, 2022. When Ms. Harris asked for additional time to gather documents from her doctors, Defendant granted her Saturday and Sunday and required her to submit the form by Monday, March 21, 2022.  Ms. Harris submitted the form with the information available to her at the time.  After this, Ms. Harris diligently continued to make doctor appointments to obtain a written medical opinion.

16.    Defendant failed to engage in the interactive process.  Rather, Defendant end-ran the interactive process required by its own employee handbook, the ADAA, and TCHRA and only orally informed Ms. Harris that her request for reasonable accommodation to work remotely five days a week had been approved.

17.    After being informed of Ms. Harris' disability, Judge Jerry Simoneaux began piling more and more work upon her: he added the heirship dockets from the associate judge; added the court coordinator's duties of setting heirship hearings, scheduling interpreters, reviewing AAL fee applications, entering heirship hearing notes; added the training of Sal Benavidez; and added pre-trial conference docket. At no time were any of her duties reduced.

18.    On May 20, 2022, Judge Jerry Simoneaux, called Ms. Harris late in the afternoon, and informed her that he had told everyone that she was going to succeed Ruth Ann and that the Guardianship Coordinator, Cres Machicek, a white female, stated that she would quit if Ms. Harris became associate judge in the future.  Judge Simoneaux went on tell Ms. Harris to "fix it".

19.    Ms. Harris was also the target of untitling and uncredentialing in open court before the judges by attorneys representing clients before the Court and members of the staff. Each time, Ms.

Harris, complained to Judge Jerry Simoneaux, he laughed it off or simply dismissed her complaint.

20. On May 27, 2022, Defendant terminated Ms. Harris.

21. On the same day of Defendants' termination of Ms. Harris, she was replaced by a non-disabled person, Sal Benavidez. Sal Benavidez is not black.

22. On June 2, 2022, after making and going to the necessary doctor appointments, Ms. Harris received a written medical opinion from her Doctor that Ms. Harris was diagnosed with chronic migraine (intractable), Chronic Daily Headache, Post-Concussion Syndrome, and Cervical Stenosis of the Spinal Canal and that these conditions placed her in a conclusive high risk category for infection and severe illness from COVID-19. The medical opinion also stated that working remotely from home was advised and set forth conditions for in-office work including the necessity of Ms. Harris to wear personal protective equipment and that persons interacting with her in close proximity wear masks for the duration of that interaction, that ventilation be improved, and air purifiers used in her work location.

23. When following instructions to arrive at the courthouse on May 31, 2022 to return her county computer equipment and to pick up her belongings, Ms. Harris suffered a terrifying and traumatic event with security, the arrival of Judge Simoneaux's Court Coordinator, and a steadily increasing number of police called to the scene. Per doctors orders, she was wearing full personal protective equipment (PPE). Ms. Harris was ordered by the Bailiff to remove her PPE and take off her mask and accused of having something in her mask. Because removing her PPE was against doctor's orders she was denied entry to the Courthouse at the security metal detectors and not permitted to place the county equipment upon the x ray conveyer belt. She

Certified Document Number: 113206510 - Page 5 of 18

was told to stand in a corner of the Courthouse outer entry where she waited for more than 30 minutes while security employees sought direction.  Throughout this waiting period, Plaintiff was increasingly patrolled and intimidated by the police.  In the end, Ms. Harris called the Court Coordinator and begged that her four framed diplomas and law license be brought to her in the lobby.

## VII. CAUSES OF ACTION

### Count I
### Disability Discrimination in Violation of the ADAA, The Rehabilitation Act, and TCHRA

24.   Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 11 through 23.

25.   The Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. prohibits discrimination due to a disability against an otherwise qualified individual.

26.   Defendant, Harris County, is an entity that receives federal financial assistance. Section 504 of the Rehabilitation Act requires that recipients of federal monies reasonably accommodate persons with disabilities in their program activities and services and reasonably modify such services and programs to accomplish this purpose.

27.   Ms. Harris was and is qualified for her job as staff attorney.

28.   At all times relevant to this Petition, Ms. Harris suffered from chronic migraine (intractable), Chronic Daily Headache, and Post-Concussion Syndrome; these conditions are all recognized as disabilities covered by the Americans with Disabilities Act as Amended ("ADAAA").   Her conditions substantially limit one or more major life activities, such as sleeping, seeing, lifting, reading, concentrating, thinking, turning her head, driving, and neurological function.

29.   It is the legal responsibility of the County to promulgate and implement policies and procedures

Certified Document Number: 113206510 - Page 6 of 18

providing, in part, that county employees are not subjected to disability discrimination and retaliation. Further, it is the County's duty to promulgate and implement policies and procedures that do not promote or encourage the willful neglect and deliberate indifference to disability discrimination and retaliation for opposition by county employees.

30. It is also the County's legal obligation to diligently engage in an interactive process once an employee seeks a reasonable accommodation for a recognized disability.

31. The County violated its duty under TCHRA and the ADAA when it failed to engage in an interactive process with Ms. Harris.

32. Ms. Harris engaged in protected activity when she made a request for a reasonable accommodation to work remotely.

33. Defendant regarded Ms. Harris as disabled.

34. Ms. Harris suffered an adverse employment decision, when the County refused to accommodate her disability, attempted to force her resignation by unreasonably increasing her work load, and fired her because of her disability.

**Count II**
**Disability Hostile Environment in Violation of the ADAA, The Rehabilitation Act,**
**and TCHRA**

35. Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 11 through 34.

36. Drowning Ms. Harris in additional duties, sending disability related texts such as the one below created a situation so severe or pervasive that it altered the conditions of her employment and created an abusive work environment.

Certified Document Number: 113206510 - Page 7 of 18

37.    Two weeks before her termination, Judge Jerry Simoneaux sent her the following text:

 

**Count III**
**Disability Discrimination Retaliation ADA**

38.    Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 11

through 37.

39.    The text message above shows that Judge Jerry Simoneaux harbored retaliatory animus towards

Ms. Harris because of her disability.

40.    Her firing two weeks later was a pretext and an adverse employment action.

41.    By not earnestly and diligently engaging in the requisite interactive process, Harris County

retaliated against Ms. Harris.

Certified Document Number: 113206510 - Page 8 of 18

## Count IV
## Race Discrimination in Violation of Title VII of the Civil Rights Act and TCHRA

42.   Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 11 through 41.

43.   It is the legal responsibility of Defendant Harris County to promulgate and implement policies and procedures providing, in part, that county employees are not subjected to racial discrimination, hostile environment, and retaliation.  Further, it is Defendant Harris County's duty to promulgate and implement policies and procedures that do not promote or encourage the willful neglect and deliberate indifference to racial discrimination, hostile environment, and retaliation for opposition by county employees.

44.   Ms. Harris is an African American attorney with over two decades experience.  She was qualified for her job as staff attorney of Probate Court One.

45.   She was subjected to racial discrimination, hostile environment, retaliation, and terminated for a pretextual reason.

46.   One week prior to being terminated, Judge Jerry Simoneaux told her to fix the problem of a white staff member who threatened to quit, if Ms. Harris were in the distant future to succeed the associate judge.  Officials of the County with authority to correct the conduct had actual knowledge but failed to take immediate and appropriate corrective action as required by law and its own policies. The County violated its legal duty to protect Ms. Harris from discrimination. Instead, the County condoned outright racial discrimination and then placed the obligation on the victim of the discrimination to "fix" the racism she was being subjected to by another staff member.

Certified Document Number: 113206510 - Page 9 of 18

**Count V**
**Hostile Environment in Violation of Title VII of the Civil Rights Act and TCHRA**

47.     Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 11 through 46.

48.     Continuing to acquiesce to racial discrimination and a hostile environment, the Judges of Probate Court One did not address the macro-aggressions and micro-aggressions of members of the attorneys practicing before the Court routinely untitling and uncredentialing Ms. Harris in open court where they responded to the question from the Judge "Did you speak with the staff attorney? with " No, just "Tamika". Her complaints were laughed of or dismissed.

49.     Though, Ms. Harris was the victim of racial discrimination, she was told she was the one who had to "fix it": meaning she had to fix the fact that a white staff member would quit if she were promoted in the distant future to associate judge.

**Count VI**
**Retaliation in Violation of Title VII of the Civil Rights Act and TCHRA**

50.     Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 11 through 49.

51.     Ms. Harris was retaliated against by her employer for engaging in protected activity when reporting and opposing the race-based discrimination.

52.     Ms. Harris engaged in protected activity by speaking out against the routine untitling and uncredentialing of her in open court and the Court's indifference to it.  She also engaged in protected activity the week prior to her firing when she objected to being required to "fix" the white staff member's threat to quit if Ms. Harris were in the distant future promoted to associate judge and when she asked for help to address the issue which was sprung upon her.

Page 10 of  17

53.     Ms. Harris suffered an adverse employment action and was retaliated against, when she was fired because of her race.

### Count VII
### Violation of 42 U.S.C. §1983 which Accords a Person the Right to Be Free from Race Discrimination which is a Violation of the Fourteenth Amendment's Guarantee of Equal Protection.

54.     Ms. Harris realleges and incorporates by reference all allegations set forth in paragraphs 11 through 53.

55.     Defendant, County, acted with actual malice toward Ms. Harris and with willful and wanton indifference to and deliberate disregard for her constitutional rights.

56.     On information and belief, Judge Jerry Simoneaux, Harris County Probate Court One Judge, acting at a level of official policy and custom and with deliberate, callous, and conscious indifference to Ms. Harris' constitutional rights, authorized, tolerated, and institutionalized the practices and conduct herein detailed and failed or refused to implement polices and procedures that would eliminate a white staff member's overt racially charged conduct in threatening to quit if Ms. Harris, an African American were to be promoted in the distant future, would eliminate the racially hostile environment, and would eliminate the routine untitling and uncredentialing of Ms. Harris.

57.     Not only did the County fail and refuse to take the actions described above as a matter of custom and policy, but, in so doing, as a direct consequence of its deliberate decisions, created the very situation complained of: forcing the victim of racial discrimination to "fix it", refusing to implement a policy to address racial discrimination, and acquiescing to a racially hostile environment.

58.     Defendant acting under color of law, denied to Ms. Harris the rights, privileges, and immunities

Certified Document Number: 113206510 - Page 11 of 18

guaranteed to her by the U.S. and Texas Constitutions.  This pattern of conduct, while carried out under color of law, has no justification or excuse in law, but instead is improper and illegal.

**Count VIII**
**Violation of 42 U.S.C. §1983 which Protects a Person from Retaliation for Engaging in a Statutorily Protected Activity, Freedom of Speech to Seek Accommodation of Disability, Secured by the Constitution and Laws of the United States.**

59.    Ms. Harris realleges and incorporates by reference all allegations set forth in paragraphs 11 through 58.

60.    Ms. Harris exercised her federally protected rights under 42 U.S.C. §1983 when she sought accommodation for her disability.

61.    Defendant, County, retaliated against Ms. Harris for seeking an accommodation for her disability, when it failed to provide her with an interactive process and then proceeded to drown her with other staff members' work, forcing her to train her replacement, send harassing text about her disability, and terminating her.

**Count IX.**
**Section 1981 Violation**

62.    Ms. Harris's claim for recovery under Section 1981 is based upon 42 U.S.C. § 1981, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.

63.    This law entitles a person of color to equal opportunity and treatment in employment.

64.    When an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

65.    A person is also entitled to file suit and recover damages under Section 1981 for retaliation for opposing or reporting violations of Section 1981, or for participating in an investigation of a violation of Section 1981.

Certified Document Number: 113206510 - Page 12 of 18

66.   Ms. Harris belongs to a protected group and was subjected to unwelcome harassment based on her race, including a hostile work environment.

67.   Defendant, County, knew or should have known of the harassment but took no prompt remedial action.

68.   Ms. Harris was subjected to ridicule or insult or other improper conduct based on Ms. Harris's race.

69.   The harassment was constant, obscene, obnoxious, shocking to the conscience of the ordinary person.

70.   The harassment was severe and pervasive, interfering with the terms and conditions of her employment with Defendant, County.

71.   The constant harassment for over a year was severe and humiliating.

72.   Ms. Harris escalated the hostility on at least three different occasions and made reasonable efforts to prevent hostility.

73.   These actions over a year period leading up to and including Ms. Harris's termination by Judge Simoneaux constitute the required adverse employment action prohibited by Section 1981.

74.   The harassment and termination were sufficiently severe or pervasive to alter the conditions of Ms. Harris's employment with Defendant, County.

75.   The harassment was objectively and subjectively offensive.

76.   The disparaging racial treatment or other improper conduct was unwelcomed and undesirable or offensive to Ms. Harris.

77.   The harassment of Ms. Harris altered a term, condition, or privilege of her employment at Defendant, County.

78.   A reasonable person would find that the harassment created and was abusive working

environment.

79.    Employees of Defendant, County, participated in the harassment of Ms. Harris.

80.    Defendant, County, knew or should have known of the harassment and failed to take prompt, remedial action to eliminate the harassment.

81.    Ms. Harris opposed Defendant, County, denying persons the "right to make" contracts and denying the same "security of persons and property as is enjoyed by white citizens" in the United States as required by federal law. See 42 U.S.C. § 1981.

82.    Defendant, County, treated Ms. Harris adversely after she opposed and reported unlawful discrimination.

83.    Defendant, County, engaged in material adverse actions against Ms. Harris, that might well dissuade a reasonable person from opposing or reporting the discrimination had they known they would face the adverse actions.

84.    The termination of Ms. Harris from Defendant, County, materially altered her employment, as well.

85.    Defendant, County, violated the federal statute by intentionally discriminating and retaliating against Ms. Harris; and, as a direct result of the discrimination and retaliation caused damages to Ms. Harris.

86.    The liability can be either actual or constructive under the McDonnell Douglas framework.

87.    Defendant, County, knew or should have known that its white employees were discriminating against African Americans and taken corrective action to prevent the discrimination within its control.

88.    Prevention is the best tool for the elimination of harassment.

Certified Document Number: 113206510 - Page 14 of 18

89. Defendant, County, did not take the steps necessary to prevent the harassment from occurring, such as affirmatively raising the subject, expressing strong disapproval, developing appropriate sanctions, informing employees of their right to raise and how to raise the issue of harassment, and developing methods to sensitize all concerned.

## VII. DAMAGES

90. As a direct and proximate result of the conduct of Defendant, Ms. Harris, Plaintiff, has suffered damages.

91. Ms. Harris, has suffered disgrace, shame, embarrassment and humiliation as well as extreme emotional and mental anguish in the past and in all probability, Plaintiff will continue to suffer such disgrace, shame embarrassment, humiliation, and extreme emotional and mental anguish in the future.

92. In addition, Ms. Harris has suffered damage to her reputation both in the past and in the future. Injury to her reputation has been substantial and in all probability, her reputation has been permanently impaired and damaged.

93. Additionally, Ms. Harris, has suffered loss of earnings capacity in the past and in reasonable probability, her capacity to work and earn money in the future beyond this date have been seriously impaired.  Her ability to obtain and retain employment in the past and future have been impaired. She is entitled to back pay and front pay. Reinstatement is not feasible.  Alternatively, Ms. Harris asks for reinstatement.

94. Ms. Harris has been deprived of employment benefits.  Employment benefits include all employment benefits which she had or would have had at Defendant County's employ, including but not limited to past and future wages, retirement benefits, health care benefits, social security benefits, and unemployment benefits.

Certified Document Number: 113206510 - Page 15 of 18

95.     Ms. Harris has suffered additional consequential damages.

96.     The precise amount of damages suffered by Ms. Harris cannot be measured with mathematical accuracy at this time nor can Ms. Harris state with any degree of certainty at this time the full extent and impact of future losses.   Damages can be more accurately determined after completion of discovery in this case and Ms. Harris specifically reserves the right to plead further with respect to such damages.

## VIII. PUNITIVE DAMAGES

97.     Defendant, County, is liable for punitive damages on account of its completely willful and reckless disregard of Ms. Harris' Plaintiff's rights under Title VII, ADAA, and 42 U.S.C. §1981. The County's conduct was wanton, willful, reckless, and/or intentional, to cause substantial harm or injury, rendering the award of punitive damages appropriate.

## IX. JURY DEMAND

98.     Pursuant to Tex. R. Civ. P. 216, Ms. Harris makes this request for a jury trial and will deposit with the Court the jury fee.

## X. PRE-TRIAL INTEREST

99.     Ms. Harris also seeks pre-judgment interest at the maximum legal rate.

## XI. ATTORNEYS' FEES

100.    Ms. Harris is entitled to reasonable and necessary attorneys' fees pursuant to  42 U.S.C. §2000e and 42 U.S.C. §1988 for the preparation and trial in this case and various stages of appeal, if any, including additional attorneys' fees in the event it is necessary to collect this amount of money once a judgment becomes final.

Certified Document Number: 113206510 - Page 16 of 18

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Harris respectfully prays that Defendant Harris County be cited to appear and answer herein, and that upon a final trial by jury, judgment be entered for Ms. Harris against the Defendant for damages in an amount within the jurisdictional limits of the Court, injunctive relief including that Defendant Harris County purge Plaintiff's personnel files of all negative documents that arose from the termination, and such other and further relief to which Ms. Harris may be entitled at law or in equity, including:

1. actual damages;

2. pre-judgment interest;

3. post-judgment interest;

4. injunctive relief;

5. attorneys' fees;

6. costs; and

7. any such other relief to which Ms. Harris may be entitled.

Respectfully submitted,

ARMSTRONG & ASSOCIATES

_____/s/___Jacqueline A. Armstrong_____
Jacqueline A. Armstrong (TBA# 01329990)
440 Louisiana, Suite 900
Houston, Texas 77002
Tel: (713) 960-6646
Fax: (713) 766-5020
jarmstrong@armstrongatlaw.com

**ATTORNEY FOR PLAINTIFF HARRIS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Armstrong on behalf of Jacqueline Armstrong
Bar No. 01329990
jarmstrong@armstrongatlaw.com
Envelope ID: 85375427
Filing Code Description: Petition
Filing Description: Petition
Status as of 3/8/2024 4:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jacqueline A.Armstrong | | jarmstrong@armstrongatlaw.com | 3/8/2024 3:53:19 PM | SENT |
| Tamika Chelsea Harris | 24002235 | tharris@tcharrislaw.com | 3/8/2024 3:53:19 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 21, 2024

Certified Document Number:        113206510 Total Pages:  18

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**